IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUITRANS SERVICES, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1727 |
| | ) | |
| PRECISION PIPELINE, LLC, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant, | ) | |
| | ) | |

**ORDER**

Plaintiffs' have filed a Motion for Clarification and/or Reconsideration of this Court's December 31, 2015 Memorandum and Order (Doc. 63) resolving cross-motions for summary judgement. The Court granted Plaintiffs' Motion insofar as it related to Precision's counterclaims for breach of contract and Equitrans's alleged violations of the Contractor and Subcontractor Payment Act.[1] Plaintiffs' Motion for Summary Judgment was denied in all other respects. The Court granted Defendant's Motion with respect to the breach of contract claims asserted at Count I of the Complaint that are not founded on breach of warranty or indemnity theories. With respect to the breach of warranty claim in Count II of the Complaint, the Court granted Defendant's Motion as to the slides numbered "20" through "29" in Defendant's Exhibit 9 (Doc. 43-31) and pertaining to the Shultz, Marling, Ankrom, Raymont, Tennant, Minor, Efaw and Fairbanks properties as well as Mileposts 0.26-0.53 and 0.33 at Underwood property. With respect to the indemnity claim in Count III of the Complaint, the Court granted Defendant's Motion as to all claims premised exclusively on Equitrans's first party losses and/or any losses incurred relative to the aforementioned slides

---

[1] A complete factual history of this matter is set forth in the December 31, 2015 Memorandum and Order.

numbered "20" through "29" in Precision's Exhibit 9 (Doc. 43-31). In all other respects, Precision's motion for partial summary judgment will be denied. The instant Motion relates to the interplay of the Court's grant of summary judgment in favor of Plaintiffs' with respect to Defendant's counter-claims relating to the retainage and the Court's finding that genuine issues of material fact preclude the entry of summary judgment on the warranty claims. For the reasons stated herein, Plaintiff's Motion for Clarification and/or Reconsideration will be GRANTED.

As Precision acknowledges, the parties are in substantial agreement "on the premise that a fact finder must determine whether Precision breached its warranty obligations before the parties' respective rights regarding the retainage can be established." Doc. 72 at ¶ 1. And as Equitrans argues, "because a jury must decide whether Precision breached its warranty obligations, any claim that [Precision] is entitled to retainage is entirely premature." Doc. 71 at 1-2. It is worth noting that the relief Precision sought in its counterclaims was *immediate* payment of the $987,875.20 retainage. See Defs' Answer and Counterclaim Doc. 6 at ¶¶ 12 and 20.

The Court agrees that the ultimate decision regarding how the retainage will be paid out must wait until the fact-finder resolves the issue of whether Precision breached its warranty obligations. However, should there become a point in time, after the resolution of the warranty issue, where Equitrans fails to honor its obligations under the parties' contractual agreements, the Court would be inclined to give Precision leave to reassert its counterclaims.

IT IS SO ORDERED.

February 11, 2016  
                                                  s\Cathy Bissoon  
                                                  Cathy Bissoon  
                                                  United States District Judge

cc (via ECF email notification):

All counsel of record